IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TOWN OF BROWNING, a Montana Municipal Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE A. SHARP, JR.; FORRESTINA CALF BOSS RIBS; PAUL McEVERS; WILLIAM OLD CHIEF; CHERYL LITTLE DOG; SHAWN LAHR; ALVIN YELLOW OWL; DEREK KLINE; HARRY BARNES; ILIFF KIPP; TYSON RUNNING WOLF; JOE McKAY; EARL OLD PERSON; and NELSE ST. GODDARD,<br><br>Defendants. | CV-14-24-GF-BMM<br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and

Recommendations on Defendants' motion to dismiss on February 23, 2015. (Doc.

1

140). Defendants sought to dismiss Plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6). (Doc. 72). Judge Johnston recommends dismissing Plaintiff's counts 2-5. Judge Johnston recommends not dismissing Plaintiff's count 1.

Upon service of a magistrate judge's findings and recommendations, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Defendants timely filed objections on March 9, 2015. Plaintiff responded to Defendants' objections on March 17, 2015. Defendants' objections require this Court to make a de novo determination of those portions of the Findings and Recommendations to which objections apply. 28 U.S.C. § 636(b)(1). This Court will review for clear error the portions of Judge Johnston's Findings and Recommendations to which Defendants did not object. 28 U.S.C. § 636(b)(1).

Defendants argue that this Court lost jurisdiction over this case when Defendants appealed this Court's order denying Defendants' motion to dismiss for lack of jurisdiction. (Doc. 123). Defendants contend that they possess tribal sovereign immunity. Defendants immediately appealed this Court's order under the collateral order rule. (Brief of Defendant-Appellant at 1, Town of Browning v. Willie Sharp, Jr., et. al, No. 14-36009, (9th Cir. March 4, 2015)).

The Supreme Court determined that a party could appeal immediately a district court's order denying immunity under the collateral order doctrine in

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The Court noted that the value of sovereign immunity would be lost "as litigation proceeds past motion practice." *Puerto Rico Aqueduct*, 506 U.S. at 145.

The Ninth Circuit has considered whether a district court retains jurisdiction during an appeal under the collateral rule order. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990). The district court denied a motion for arbitration in *Britton*. The defendant appealed. The district court proceeded to decide other issues in the case during the appeal, and ultimately granted a default judgment. The defendant argued that the district court lacked jurisdiction to decide any issues in the case during the appeal. *Britton*, 916 F.2d at 1411.

The Ninth Circuit determined that nothing prevented the district court from deciding independent issues presented in the underlying case. The Ninth Circuit noted that "[t]he district court is simply moving the case along consistent with its view of the case as reflected in its order denying arbitration." *Britton*, 916 F.2d at 1412. The Ninth Circuit concluded that "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case . . . ." *Britton*, 916 F.2d at 1412.

No stay has been granted in this case. Like the district court in *Britton*, this Court retains jurisdiction during an appeal under the collateral order rule. *Britton*,

916 F.2d at 1412. This Court can decide independent issues and "mov[e] the case along consistent with its view of the case" as reflected in the order denying the motion to dismiss. *Britton*, 916 F.2d at 1412. This case has not proceeded beyond motion practice, so the value of Defendants' sovereign immunity will not be lost even if the Ninth Circuit reverses this Court's decision. *Puerto Rico Aqueduct*, 506 U.S. at 145.

Defendants and Plaintiff have not objected to Judge Johnston's Findings and Recommendations on any other grounds. The Court finds no clear error in Judge Johnston's Findings and Recommendations, and adopts them in full. A plaintiff may seek only prospective, injunctive relief under the doctrine of *Ex Parte Young*. *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1092 (9th Cir. 2007). Plaintiff seeks compensatory damages, exemplary damages, treble damages, and costs and attorney fees for counts 2-5. Plaintiff has failed to state a claim for which relief can be granted. Dismissal of counts 2-5 is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff seeks prospective, injunctive relief in count 1. Defendants have failed to demonstrate that Plaintiff has not stated a claim for which relief can be granted in count 1.

**IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss (Doc. 72) is **GRANTED IN PART AND DENIED IN PART**. Counts 2, 3, 4, and 5 are dismissed. Count 1 is not dismissed.

DATED this 17th day of March, 2015.

*Brian Morris*
Brian Morris
United States District Court Judge