IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TOWN OF BROWNING, a Montana Municipal Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE A. SHARP, JR.; FORRESTINA CALF BOSS RIBS; PAUL McEVERS; WILLIAM OLD CHIEF; CHERYL LITTLE DOG; SHAWN LAHR; ALVIN YELLOW OWL; DEREK KLINE; HARRY BARNES; ILIFF KIPP; TYSON RUNNING WOLF; JOE McKAY; EARL OLD PERSON; and NELSE ST. GODDARD,<br><br>Defendants. | CV-14-24-GF-BMM<br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations on Plaintiff's motion for a preliminary injunction and temporary restraining order on March 25, 2015. (Doc. 150). Judge Johnston recommends denying Plaintiff's motion.

1

Upon service of a magistrate judge's findings and recommendations, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff timely filed objections on April 7, 2015. (Doc. 152). Defendants responded to Plaintiff's objections on April 20, 2015. (Doc. 155). Plaintiff's objections require this Court to make a de novo determination of those portions of the Findings and Recommendations to which objections apply. 28 U.S.C. § 636(b)(1). This Court will review for clear error the portions of Judge Johnston's Findings and Recommendations to which Plaintiff did not object. 28 U.S.C. § 636(b)(1).

**1. Ownership of the Water Utility System**

Plaintiff's objections focus on Judge Johnston's finding that "it is unclear whether Plaintiff or the Blackfeet Tribe is the true owner of the utility system in question." (Doc. 150). Plaintiff contends that it has demonstrated that it is the true owner of the utility system. (Doc. 153).

Judge Johnston noted in his Findings and Recommendations that Plaintiff has put forth some evidence of ownership of part of the utility system. Specifically, Plaintiff points to an investment it made in a well and pump system in 1934. Plaintiff also points to meeting minutes from 1956 which discuss a bidding process for a water storage tank.

Defendants contend that these older systems have since been replaced. Defendants further point to the Blackfeet Tribe's ownership of various other

components of the water utility system. Defendants state that the Blackfeet Tribe owns the Two Medicine Reservoir; a water treatment plant located near East Glacier, MT; a pipeline that transports water from the treatment plant to the Town of Browning and the Browning community; a chlorinator booster station; and a Supervisory Control and Data Acquisition system that electronically monitors and controls the water treatment plant operations and water levels.

Defendants refer to the two systems as the "new system" and the "backup system." These are not two completely separate systems, however. The source of the water seems to be the distinguishing characteristic between the two systems. The "new system" receives treated water from the Two Medicine Reservoir and the water treatment plant. The "backup system" receives water from wells Plaintiff claims it owns. Defendants do not appear to contest ownership of these wells.

Defendants contend that all of the water, from either the Two Medicine Reservoir or the wells, flows through the same water mains. Defendants claim these water mains are owned by the Blackfeet Tribe.

Plaintiff appears to claim ownership of the same water mains. Plaintiff contends that it can provide water to the Town of Browning using only the "backup system." This would involve pumping water from Plaintiff's wells through the water mains. Defendants assert that the water from the backup wells is contaminated with high levels of sodium, iron, and manganese. (Doc. 155 at 4).

Defendants assert that the water from the backup wells has an unpleasant taste. Defendants contend that the Blackfeet Tribe built the new water system due to the poor water quality of the backup well water.

Plaintiff asserts that ownership of the water utility system that it would use to supply the Town of Browning with water is uncontested. Defendants' brief opposing Plaintiff's objections to the Findings and Recommendations demonstrates that a dispute as to ownership exists. Defendants further argue that the backup well water is unfit to drink. Defendants contend that water from the Two Medicine Reservoir is required to provide the Town of Browning with safe drinking water. This Court agrees with Judge Johnston that the parties contest ownership of the water utility system.

Plaintiff challenges Judge Johnston's finding that Plaintiff fails to demonstrate likelihood of success on the merits. Judge Johnston made this finding on the basis that the parties contest ownership of the water utility system. This Court agrees that Plaintiff has failed to demonstrate likelihood of success on the merits.

Plaintiff further challenges Judge Johnston's finding that Plaintiff has failed to demonstrate that it will suffer irreparable harm in the absence of a preliminary injunction. Again, Plaintiff bases its challenge on the notion that ownership of the water utility system is uncontested. This Court agrees that Plaintiff has failed to

demonstrate that it will suffer irreparable harm in the absence of a preliminary injunction.

## 2. Balance of the Equities

Plaintiff contends that Judge Johnston incorrectly determined that Plaintiff had failed to show that the balance of the equities tip in Plaintiff's favor. Judge Johnston looked at the underlying dispute between the Plaintiff and the Blackfeet Tribe. Defendants contend that the Blackfeet Tribe, through the Two Medicine Water Company, had been providing all water services and had been paying all costs of operation and maintenance of the system. Defendants contend that Plaintiff previously had collected revenue from customers on behalf of the Two Medicine Water Company. Under the terms of the Memorandum of Agreement, Plaintiff was supposed to remit most of the utility revenue to the Blackfeet Tribe. Instead, Defendants allege that Plaintiff kept all of the money. Defendants contend that the Blackfeet Tribe terminated the Memorandum of Understanding due to Plaintiff's breach. Defendants state that the Two Medicine Water Company then began billing its customers directly for the services that it was providing, rather than relying on Plaintiff to conduct the billing.

Plaintiff states that it owns the water utility infrastructure and is providing utility services, but that Defendants are preventing Plaintiff from collecting revenue for the service that Plaintiff is providing. Plaintiff therefore argues that the

5

balance of equities tip in its favor. Plaintiff fails to address Judge Johnston's summary of the situation between the parties. Plaintiff does not dispute Defendants' claim that Plaintiff failed to remit to the Blackfeet Tribe the payment that Plaintiff collected pursuant to the Memorandum of Agreement. Other than reasserting, without any proof, that it is providing water utility services without payment, Plaintiff has offered no justification for a finding that the balance of the equities tip in Plaintiff's favor. This Court agrees that Plaintiff has failed to demonstrate that the balance of the equities tip in Plaintiff's favor.

### 3. Public Interest

Plaintiff finally contends that Judge Johnston mistakenly determined that the public interest does not favor a preliminary injunction. The parties have raised issues about who actually owns and operates the water system. Judge Johnston determined, however, that residents of the Browning community are currently receiving water. Judge Johnston expressed concern that a preliminary injunction could inadvertently prevent residents from receiving water. Defendants argue that the Two Medicine Water Company is currently providing water and receiving payment for the water that it is providing. If this Court granted a preliminary injunction, the Two Medicine Water Company could be precluded from collecting revenue, and it may decide to stop providing water services.

Plaintiff argues that Judge Johnston erroneously found that members of the Browning community could face a water shutoff if a preliminary injunction were granted. Plaintiff argues that it is the true owner of the water utility infrastructure and that it is currently providing water without compensation. Plaintiff offers only its assurances that such a shutoff will not happen. Under these circumstances, this Court agrees that a preliminary injunction could inadvertently cause a water shutoff to the Browning community. A preliminary injunction is therefore not in the public interest.

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for a preliminary injunction and a temporary restraining order (Doc. 126) is **DENIED**.

DATED this 27th day of April, 2015.

Brian Morris
United States District Court Judge