IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TOWN OF BROWNING, a Montana Municipal Corporation,<br><br>v.<br><br>WILLIE A. SHARP, JR.; FORRESTINA CALF BOSS RIBS; PAUL McEVERS; WILLIAM OLD CHIEF; CHERYL LITTLE DOG; SHAWN LAHR; ALVIN YELLOW OWL; DEREK KLINE; HARRY BARNES; ILIFF KIPP; TYSON RUNNING WOLF; JOE McKAY; EARL OLD PERSON; and NELSE ST. GODDARD,<br><br>        Defendants. | CV-14-24-GF-BMM<br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations on Defendants' motion to dismiss on April 22, 2015. (Doc. 156). Defendants sought to dismiss the Town of Browning's amended complaint for failure to join a required party under Rule 12(b)(7). (Doc. 74). Judge Johnston recommends staying this case pending a resolution of a similar matter currently pending in the Blackfeet Tribal Court. Judge Johnston determined that staying this

1

case until resolution of the tribal court case would allow this Court to better evaluate whether an alternative forum exists for resolution of the Town of Browning's claim.

Upon service of a magistrate judge's findings and recommendations, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). The Town of Browning timely filed objections on May 6, 2015. Defendants responded to the Town of Browning's objections on May 20, 2015. The Town of Browning's objections require this Court to make a de novo determination of those portions of the Findings and Recommendations to which objections apply. 28 U.S.C. § 636(b)(1). This Court will review for clear error the portions of Judge Johnston's Findings and Recommendations which the Town of Browning did not object. 28 U.S.C. § 636(b)(1).

The Town of Browning argues first that Judge Johnston incorrectly determined that the Blackfeet Tribe qualifies as a party required to be joined if feasible. Judge Johnston noted that the Town of Browning seeks an injunction to prevent Defendants from requesting water utility customers to pay the Two Medicine Water Company, as well as an order requiring water utility customers to "revert back to paying" the Town of Browning for the water utility services. Judge Johnston further noted that Defendants contend that the Blackfeet Tribe is the true owner of the water being provided to water utility customers.

Defendants further contend that the Two Medicine Water Company, the water utility company of the Blackfeet Tribe, actually provides water utility services. Judge Johnston determined that the Blackfeet Tribe undoubtedly possesses an interest in receiving payment for water and services that they provide. An injunction preventing Defendants from collecting revenue would impair or impede the Blackfeet Tribe's ability to protect its interest to revenue for water and services that they provide.

The Town of Browning argues that Judge Johnston did not address the undisputed fact that Town of Browning owns the pipes through which the water flows to utility customers. In fact, Defendants contend that the Blackfeet Tribe actually owns the water main within Browning through which the water flows. (Doc. 155 at 5; Doc. 161 at 11). The parties appear to contest ownership of a substantial amount of infrastructure used to provide water to residents of the Town of Browning.

In order to grant the injunction requested by the Town of Browning, this Court first would be required to determine whether the Town of Browning owned the property that the Town of Browning seeks to enjoin Defendants from using. The Blackfeet Tribe appears to possess a claim to ownership of at least some of this infrastructure. For this Court to determine property ownership, in the absence

of the Blackfeet Tribe, potentially would impair or impede the Blackfeet Tribe's ability to protect its interest to its own property.

The Town of Browning further argues that the Blackfeet Tribe does not possess a sufficient interest in this litigation to be considered a required party. The Town of Browning points to *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008), in support of its contention that the Blackfeet Tribe's "mere economic interest" would prove insufficient to render the Blackfeet Tribe a required party. The Ninth Circuit recognized in *Cachil* that a tribe must possess a "legally protected" interest in the pending litigation that involves more than speculation about a future event. *Id*. The Ninth Circuit noted that miners who had submitted mining plans to the National Park Service did not qualify as necessary parties to an action to enjoin mining in national parks. *Id*. The "economic interest" that the miners possessed in the outcome of the pending litigation proved too speculative.

Here, in contrast, Defendants contend that the Blackfeet Tribe owns the infrastructure at issue. Defendants also contend that the Blackfeet Tribe owns the water and has been providing the water utility services for which it has been billing utility customers. The Blackfeet Tribe's interest in this litigation cannot be described as speculative. The Blackfeet Tribe's interest instead relates to legally protected property and services currently being provided by the Blackfeet Tribe.

This Court agrees with Judge Johnston that the Blackfeet Tribe qualifies as a required party under these circumstances.

The Town of Browning next argues that litigation should continue in the absence of the Blackfeet Tribe even if the Blackfeet Tribe represents a required party. The Town of Browning contends that Defendant tribal officials and employees adequately represent the Blackfeet Tribe's interests in this litigation. The Town of Browning points to no cases, however, where a court has permitted individual tribal members to represent the interests of an Indian tribe for the purposes of litigation.

The Town of Browning also fails to address the fact that the Blackfeet Tribe likely possesses tribal sovereign immunity that would preclude it from having to defend itself and its property interests in this litigation. The Town of Browning further ignores the crucial fact that the Town of Browning itself has been relying on the affidavits of another individual Blackfeet Tribal member that appear to undermine the Blackfeet Tribe's ownership claims. (Doc. 95-11; Doc. 127-1). The Town of Browning offers no explanation for why one tribal member, with no apparent authority to act on behalf of the Blackfeet Tribe, should be permitted to represent the interests of the Blackfeet Tribe, while another tribal member, with the same lack of apparent authority to act on behalf of the Blackfeet Tribe, has taken a substantially different position in this litigation. It remains unclear how any

5

individual tribal member could purport to represents the interests of the Blackfeet Tribe. The Town of Browning has failed to persuade this Court that the Blackfeet Tribe's interests would be protected adequately by the individual tribal members named in this lawsuit.

The Town of Browning finally argues that Judge Johnston conflated this action with an action pending in Blackfeet Tribal Court. Judge Johnston recommended staying this action until the action pending in Blackfeet Tribal court has been resolved. Judge Johnston noted that whether an alternative forum existed for the parties' dispute represented an important question to consider before ruling on Defendant's 12(b)(7) argument.

This Court agrees that significant similarities exist between this action and the action pending in the Blackfeet Tribal Court. Both arise out of a breakdown in relations between the Blackfeet Tribe and the Town of Browning regarding the provision of water utility services. The Town of Browning correctly asserts, however, that the two cases raise very different legal theories. The tribal court case involves a breach of contract claim; this case seeks an injunction to prevent Defendants from using the Town of Browning's water utility infrastructure. The outcome of the breach of contract claim in Blackfeet Tribal Court will not necessarily resolve the dispute presented in this Court. No sufficient reason exists to force the parties to wait any further to litigate this case in the absence of a

potentially indispensable party. This fact prompts the Court to consider Defendants' 12(b)(7) motion to dismiss at this time, rather than stay the case pending resolution of the case in tribal court.

Rule 19(b) provides that when joinder of a required party is not feasible, the Court must determine whether the action should proceed among the existing parties, or whether the action should be dismissed. Rule 19(b) provides a list of factors for the court to consider, including the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties; the extent to which any prejudice could be lessened or avoided; whether a judgment rendered in the person's absence would be adequate; and whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

The potential prejudice would be substantial if this Court proceeded with this action without the Blackfeet Tribe. The Town of Browning seeks an injunction to prevent Defendants from using infrastructure that the Town of Browning claims to own, and to prevent Defendants from collecting utility revenue for services that the Town of Browning claims to be providing. This Court would need to determine the Blackfeet Tribe's ownership of water utility infrastructure in order to rule on the Town of Browning's request for an injunction. This Court also would need to determine whether the Blackfeet Tribe had been providing any water utility services for which it would be entitled to collect revenue from customers. This

7

Court stands in a position in which it could remove the Blackfeet Tribe's ownership interest in this infrastructure without any input from the Blackfeet Tribe. This outcome could preclude the Blackfeet Tribe from collecting revenue for services that it has been providing. This Court sees no avenue to reduce this level of prejudice to the Blackfeet Tribe while considering the relief sought by the Town of Browning.

     An injunction granted in the absence of the Blackfeet Tribe would be unlikely to afford the Town of Browning adequate relief. This Court could enjoin Defendants from seeking compensation on behalf of the Two Medicine Water Company. This Court could not enjoin other tribal members, however, who are not a party to this action. This Court also lacks the ability to enjoin the Two Medicine Water Company from using water utility pipes that may belong to the Town of Browning, as the Two Medicine Water Company is not a party to this action.

     Further, as this Court noted when it denied the Town of Browning's motion for a preliminary injunction, considerable uncertainty exists whether an injunction would have the practical effect of turning off water utility services to residents of the Town of Browning. (Doc. 157). This Court believes that neither party seeks to turn off water utility services to residents of the Town of Browning. Instead, the real issue seems to be which party will receive compensation for the water utility

services that are provided. This Court cannot reach the merits of this issue in an *ex Parte Young* action, or in the absence of the Blackfeet Tribe.

No adequate alternative forum exists to address the Town of Browning's *ex Parte Young* action. The Blackfeet Tribal Court appears to represent an adequate alternative forum, however, to address the ongoing dispute between the Blackfeet Tribe and the Town of Browning. Indeed, in the Blackfeet Tribal Court, the Town of Browning can litigate against the Blackfeet Tribe directly rather than through an *ex Parte Young* action. Further, the Town of Browning appears to have moderated its position regarding the relief that it seeks. (Doc. 159). The Town of Browning appears to seek some reasonable compensation from the Blackfeet Tribe for use of the Town of Browning's water main to deliver water to utility customers. The Town of Browning can seek and obtain this relief as a counterclaim in the breach of contract claim currently pending in the Blackfeet Tribal Court. Although the Town of Browning has challenged the Blackfeet Tribal Court's jurisdiction over it on the grounds of sovereign immunity, the existence of a contract between the parties appears to confer jurisdiction on the Blackfeet Tribal Court. *Montana v. United States*, 450 U.S. 544, 565 (1981). An alternative forum exists for the Town of Browning to obtain the relief it seeks.

After weighing the factors listed in Rule 19(b), this Court has determined that this case should not proceed in the absence of the Blackfeet Tribe, a required

party. The potential prejudice to the Blackfeet Tribe far outweighs the harm to the Town of Browning. The Blackfeet Tribal Court represents an alternative forum for the Town of Browning to address its underlying dispute with the Blackfeet Tribe.

**IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss (Doc. 74) is **GRANTED**.

DATED this 4th day of June, 2015.

*/s/ Brian Morris*

Brian Morris
United States District Court Judge